(86 Misc. Rep. 86)

DAILEY et al. v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. June, 1914.)

INJUNCTION (§ 59*)—CONTRACTS RESTRAINING ABROGATION.

    Where a contract with the city of New York for the final disposition of ashes, street sweepings, and rubbish did not prohibit the contractor from using dumping scows, and where the commissioner of street cleaning attempted to abrogate the contract because the pickers used dumping scows under an incidental contract, instead of the more efficient deck scows, the contractor was entitled to equitable relief restraining the commissioner from taking such action.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 114–116, 128; Dec. Dig. § 59.*]

Action by John D. Dailey and another against the City of New York and another to restrain abrogation of contract. Judgment for plaintiffs.

Alexander N. Ash, of New York City, for plaintiffs.

Frank L. Polk, Corp. Counsel, of New York City (John F. Collins, of New York City, of counsel), for defendants.

FORD, J. Plaintiffs' contract with the city for final disposal of ashes, street sweepings, and rubbish is the main contract; that of Clarke, advertised and let simultaneously by the city, for "loading and trimming deck scows, dumpers, and other vessels" used by the plaintiffs, is incidental merely. Both contracts are to be read together because of the allusion in that of plaintiffs' to the other (paragraph 12 of specifications). Nowhere in the final disposal contract is there a prohibition against the use of dumping scows by the plaintiffs. On the contrary, the terms used descriptive of the conveyances which might

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be used are broad enough to include them, and the specific provision for loading and trimming "dumpers" in the Clarke contract makes clear, in my opinion, the right of the plaintiffs to use them. That being so, paragraphs "F," "N" and "33" of their contract cannot be construed so as to give the commissioner of street cleaning power to abrogate this right. The authority given to that official may be exercised as to details of the work and in case of ambiguities or obscurities in the language of the contract but not to the extent of destroying its identity or mutuality. The dumping at sea, as carried on by the plaintiffs, is in accord with the laws, rules, and regulations of the state, city, and federal governments; and, indeed, the defendant through the commissioner of street cleaning does not object to the dumping at sea, but merely to the use of dumping scows, upon the sole ground that in loading them the pickers under the Clarke contract cannot so thoroughly do their work as in the case of deck scows. That may be so, but there is no claim that full freedom of action is not given to them to pick as much as the nature of those conveyances will permit, and that is, in my opinion, the only duty owing either to the city or to the other contractor by these plaintiffs under their contract. The damage done to the contractor by a prohibition of the use of dumpers would be of such a nature as, in my opinion, to call for equitable relief. Judgment for the plaintiffs. Settle findings on notice not later than June 12th.

Judgment for plaintiffs.